UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11382-RGS

FRANK WOODWARD

v.

EMULEX CORPORATION and
JEFF HOOGENBOOM

MEMORANDUM AND ORDER ON PARTIES' MOTIONS TO COMPEL

March 30, 2011

STEARNS, D.J.

On June 22, 2010, plaintiff Frank Woodward filed this action, alleging that defendants improperly terminated his employment. He claims that Emulex Corporation (Emulex) committed age discrimination and breach of contract, and that Jeff Hoogenboom tortiously interfered with his advantageous business relationship. Presently before the court are motions to compel from each party.

On October 22, 2010, Woodward served his first interrogatories and first request for document production on Emulex. On November 30, 2010, the defendants served their first interrogatories and document requests on Woodward. On February 25, 2011, Woodward filed a motion to compel discovery, stating that "[a]s of the date of this Memorandum, no discovery responses have been received from defendant Emulex, aside from their initial disclosures prior to the commencement of discovery." Pl.'s

Mem. at ¶ 8. Three days later, defendants filed a motion to compel, stating that "[a]lthough the defendants have made several requests, Woodward has not answered their interrogatories or responded to their document requests." Defs.' Mot. to Compel at 1.

On March 11, 2011, the parties filed a joint motion to continue consideration of the motions to compel until March 28, 2011. The court granted the motion on March 15, 2011. On March 28, 2011, Woodward filed an opposition to defendants' motion to compel. Defendants have not filed an opposition to Woodward's motion to compel.

The court will <u>ALLOW</u> Woodward's motion to compel. Because defendants have failed to oppose this motion, the court assumes that there is no objection to compliance. The court will <u>ALLOW</u> in part and <u>DENY</u> in part defendants' motion to compel. The court will deny the motion to the extent that it is satisfied with plaintiff's counsel's representation that he has responded to Emulex's first interrogatories and document requests, and that he will make responsive, non-privileged documents available for inspection at a mutually agreeable time and place. Woodward states that he has responded to the first 25 interrogatories within Emulex's interrogatory requests. Pl.'s Opp'n at ¶ 8. The court understands the basis for Woodward's decision to respond only to the first 25 interrogatories; however, the court will order Woodward to respond to question 26, as it is a reasonable inquiry.

ORDER

For the foregoing reasons, Woodward's motion to compel (Dkt. 16) is ALLOWED. Woodward's request for a hearing is DENIED. Defendants' motion to compel (Dkt. 21) is ALLOWED in part and DENIED in part. Both parties' requests for costs and attorneys' fees are DENIED.

                                            SO ORDERED.

                                            /s/ Richard G. Stearns

                                            _____
                                            UNITED STATES DISTRICT JUDGE